# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned On Briefs January 18, 2012

## FREDRICK DARNELL ALEXANDER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-421    J. Randall Wyatt, Jr., Judge**

---

**No.  M2011-00591-CCA-R3-CD - Filed March 12, 2012**

---

Appellant, Frederick Darnell Alexander, was convicted by a Davidson County jury of the sale of less than. 5 grams of cocaine within 1000 feet of a school.  As a result, he was sentenced to twelve years in incarceration, to be served at one hundred percent.  Appellant appeals the conviction, arguing that the evidence was insufficient to support the conviction and that the trial court erred in denying the motion to suppress Appellant's statement to police.  After a review of the record, we conclude that the evidence, although mostly circumstantial, was sufficient to show that Appellant sold cocaine to an undercover officer within 1000 feet of a school.  Further, Appellant not only failed to raise any issue with regard to the motion to suppress in a motion for new trial but also failed to a provide a transcript of the hearing on the motion to suppress.  Therefore, Appellant is not entitled to relief unless there is plain error.  The record is not clear as to what happened in the trial court because of the lack of a transcript of the suppression hearing. Therefore, we will not review the issue for plain error.  Accordingly, the judgment of the trial court is affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Caesar Cirigliano, Nashville, Tennessee, for the appellant, Fredrick Darnell Alexander.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Andrea Green, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

As part of the Operation Safer Streets Assignment, Officer Corey Sanderson was working undercover in the area of Lincoln and Claiborne Streets in Nashville on December 13, 2008. Officer Sanderson was posing as a potential purchaser of cocaine. Officer Sanderson saw Richard Smith standing on the corner. Mr. Smith asked the officer if he needed anything. Officer Sanderson asked for a "thirty," street slang for thirty dollars worth of cocaine. Mr. Smith got into Officer Sanderson's car and directed the officer to the Sudekum housing project on First Avenue. Once they arrived, the officer gave Mr. Smith thirty dollars in currency.[1] Additionally, Mr. Smith left his identification with Officer Sanderson as a gesture of good faith.

Officer Sanderson communicated his location to two other detectives that were involved in the controlled buy operation, Lieutenant William Mackall and Detective Michael Galluzi.

Lieutenant MacKall was stationed nearby. He observed Mr. Smith emerge from an open area in between two buildings in the housing project area and talk to a black female. Mr. Smith and the female crossed the street to another area where Appellant was standing. They talked for a few minutes before the female left the area. Lieutenant Mackall witnessed what appeared to be an exchange between Mr. Smith and Appellant, seeing their hands touch. He could not see what was exchanged. Mr. Smith then returned to Officer Sanderson's car, where he delivered a rock-like substance that field tested positive for the presence of cocaine. Mr. Smith was arrested. Twenty dollars of the cash was recovered from Mr. Smith. The exchange occurred within 1,000 feet of Cameron Middle School.

Appellant was taken into custody by Lieutenant Mackall and Detective Galluzzi. The ten dollar bill that Officer Sanderson gave to Mr. Smith was recovered from Appellant's person. Appellant was orally advised of his *Miranda* rights. When Appellant was asked if there were any other contraband or dangerous items on his person, he replied that he had sold all of the other cocaine he had purchased that day.

Appellant was indicted by the Davidson County Grand Jury, along with Mr. Smith, for the sale of .5 grams or less of cocaine within 1,000 feet of a school. After hearing the proof, the jury convicted Appellant of the offense.

---

[1] The money was marked and photocopied by police prior to the purchase.

Appellant was sentenced by the trial court as a Range II, multiple offender to twelve years in incarceration, to be served at 100%. Appellant filed a timely motion for new trial, in which he argued that the evidence was insufficient and the trial court failed to act as the thirteenth juror. Appellant later amended the motion for new trial to add an argument about the trial court's failure to instruct the jurors to avoid researching the case on the internet.

The trial court denied the motion for new trial after a hearing. Appellant has appealed. On appeal, Appellant continues to argue that the evidence is insufficient to support the conviction and that the trial court erred by denying the motion to suppress.

*Analysis*

*Motion to Suppress*

On appeal, Appellant argues that the trial court erred in denying Appellant's motion to suppress "coercive" statements taken by police. Specifically, Appellant argues that he was "held at gun point" and "pulled out of his car with excessive force in a high crime area [which] created a stressful situation to him." The State insists that the trial court properly denied the motion because there was no doubt that Appellant was in custody when he made the incriminating statements.

Although not raised by either party, we note that Appellant did not raise any issue with regard to the denial of the motion to suppress in a written motion for new trial, as required by Tennessee Rule of Appellate Procedure 3(e). That rule provides, in pertinent part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Tenn. R. App. P. 3(e).

Additionally, "[a] motion for a new trial shall be *in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered.* The court shall liberally grant motions to amend the motion for new trial until the day of the hearing on the motion for a new trial." Tenn. R. Crim. P. 33(b) (emphasis added). Further, a trial court loses jurisdiction with the filing of a notice of appeal. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). In the case herein, Appellant raised the issue for the first

time on appeal. Therefore, we are precluded from considering the issue raised by Appellant on appeal unless it rises to the level of plain error.

In order to review an issue under the plain error doctrine, five factors must be present: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. *See State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000) (adopting this Court's plain error test set forth in *State v. Adkisson*, 899 S.W.2d 626, 641 (Tenn. Crim. App. 1994)); *see also* Tenn. R. Crim. P. 36(b).

Appellant complains that the trial court improperly denied the motion to suppress. However, Appellant failed to include the transcript from the hearing on the motion to suppress in the record on appeal. It is the duty of Appellant to include a complete record on appeal. *See State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998) (holding that failure to include trial transcript on appeal waived challenge to sentence); *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (holding failure to include transcript precludes appellate review); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in absence of an adequate record on appeal). Appellant's failure to include a transcript of the hearing on the motion to suppress prevents this Court from determining that the record clearly establishes what occurred in the trial court. Thus, we will not review this issue for plain error. Appellant is not entitled to relief.

*Sufficiency of the Evidence*

Appellant challenges the sufficiency of the evidence on appeal. Specifically, he argues that the testimony showed that he was "not the only person who could have sold the drugs to Mr. Smith and that prior to the takedown signal being given other persons made contact with Mr. Smith who were never apprehended by the police." The State, on the other hand, insists that the presence of other suspects does not render the evidence insufficient.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to

demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Appellant was convicted of the sale of cocaine that weighed .5 grams or less, a violation of Tennessee Code Annotated section 39-17-417(a)(3), which makes it a crime to knowingly "possess a controlled substance with intent to manufacture, deliver or sell the controlled substance." A violation of Tennessee Code Annotated section 39-17-417(a)(4) is a class C felony if the amount of the cocaine possessed is less than .5 grams. T.C.A. § 39-17-417(c)(2)(A). An enhanced criminal penalty is imposed if the drug sale occurs within 1000 feet of a drug-free school zone. T.C.A. § 39-17-432. Specifically, if a violation of Tennessee Code Annotated section 39-17-417 occurs "within one thousand feet (1000') of the real property that comprises a public or private elementary school, middle school, secondary school, [or] preschool . . . [the offender] shall be punished one classification higher than is provided . . . ."

In the case herein, there was testimony from several officers that the transaction took place near the Sudekum housing project on First Avenue. Officers watched Appellant engage in an apparent hand-to-hand exchange with Mr. Smith. The exchange took place after Mr. Smith took delivery of cash from the officer. Mr. Smith delivered the cocaine to the officer after meeting with Appellant. While the exact location of the arrest was not pinpointed to the foot, the testimony indicated that the arrest took place near within 1000 feet of Cameron Middle School. Mr. Smith and Appellant were in possession of cash that was supplied by the officer at the time of their arrest. Appellant, after his arrest, admitted to selling all of the cocaine he had that day. This evidence was heard and assessed by the jury, and that panel determined that the State proved beyond a reasonable doubt that Appellant sold the cocaine and that the transaction occurred within 1000 feet of a school. The evidence

was sufficient for a rational trier of fact to make this determination. Appellant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____

JERRY L. SMITH, JUDGE